IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LOUIS HAYES | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | CIV. NO. 3:08-CV-00035 |
| | § | |
| PERCY MILLER, ALSO KNOWN AS | § | [Related Case: 3:06-CV-00515] |
| MASTER P, MASTER P MUSIC LLC, | § | |
| GUTTAR MUSIC, INC., | § | |
|     *Defendants* | § | |

## PLAINTIFF'S MOTION TO REVIVE JUDGMENT

Plaintiff Louis Hayes ("Hayes") respectfully states:

### PARTIES

#### PLAINTIFF

1.      Louis Hayes, an adult individual, resides at 15715 Thistledew Drive, Houston, Harris County, Texas 77082. Mr. Hayes may be contacted through the undersigned law firm.

#### DEFENDANTS

2.      Percy Miller ("Miller"), also known as Percy Robert Miller and also known as Percy "Master P" Miller, is an adult individual and is the founder and owner of P. Miller Enterprises, a California general stock corporation, whose place of business is 9000 W. Sunset Blvd., Suite 650, West Hollywood, California 90069.

3.      Miller's last known email address is through the Media Relations contact for P. Miller Enterprises, Ms. Elizabeth Johnson, whose telephone number is 310-691-4700.

4.     Guttar Music, Inc. ("Guttar") is a California general stock corporation whose charter has been suspended. Its last known address was 11718 Barrington Court, Suite 735, Los Angeles, California 90049. Its last known Chief Executive Officer and Agent for Service of Process is Miller.

5.     Master P Music LLC ("Music") is a limited liability company with a currently unknown address, but whose owner and agent, on information and belief, is Miller.

## JURISDICTION

6.     Original jurisdiction in the underlying suit arose under 28 U.S.C. §1331. Jurisdiction for the consideration of this Motion To Revive Judgment arises pursuant to FED. R. CIV. P. 69(a) and FED. R. CIV. P. 81(b).

## VENUE

7.     Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district, as the underlying judgment was entered by this Court.

8.     Venue is also proper in this district under 28 U.S.C. §1391(b)(3) because the defendants are subject to this Court's personal jurisdiction with respect to this action.

## CONDITIONS PRECEDENT

9.     All conditions precedent have been performed or have occurred.

## RELATED CASE

10. *Louis Hayes v. Percy Miller*, *also known as Master P*, *Master P Music LLC*, *Guttar Music*, *Koch Entertainment LD*, *Koch Entertainment GPLLC and Koch Entertainment Distribution LLC*, Cause No. 3:06-CV-00515, U. S. District Court, Southern Disrict of Texas (Galveston Division) is related to this case.

## FACTUAL BACKGROUND

11. Hayes hold a final judgment against Miller, Master P Music LLC and Guttar Music, Inc. that became effective on September 17, 2009.

12. Miller, Guttar and Music (collectively, "Master P Defendants") although properly served, never appeared in Cause No. 3:06-CV-00515. Following the entry of a default judgment against the Master P Defendants an interim judgment for damages against the Master P Defendants was entered on May 11, 2007 after a hearing. This case was then transferred from the Honorable Judge Kent to Honorable Judge Hughes.

13. On February 5, 2008, Judge Hughes entered an order severing the case against the Master P Defendants.

14. On March 14, 2008 Judge Hughes vacated the default judgments against the Master P Defendants.

15. Hayes timely appealed the March 14, 2008 Order. The Fifth Circuit vacated the March 14, 2008 order and remanded the case to provide Hayes an opportunity to explain the basis for his judgment and an opportunity for the Master P Defendants to

appear and be heard. On December 19, 2008 after conducting the mandated hearing, Judge Hughes again entered an order vacating the judgments against the Master P Defendants.

16.     Hayes again timely appealed, resulting in the Fifth Circuit, by Per Curiam opinion, vacating the December 19, 2008 Order. The Fifth Circuit's Mandate was issued on September 14, 2009 and filed with the District Court on September 17, 2009.

17.     No payment has ever been made on the judgment against the Master P Defendants.

## STATEMENT OF CLAIM FOR RELIEF

18.     Hayes moves to revive the judgments against the Master P Defendants pursuant to FED. R. CIV. P. 69(a), FED. R. CIV. P. 81(b) and TEX. CIV. PRAC. & REM. CODE §31.006.

19.     FED. R. CIV. P. 69(a) provides that the law of the state in which the district court is held governs execution and proceedings in aid of a judgment.

20.     TEX. CIV. PRAC. & REM. CODE §31.004(a) provides that if a writ of execution is not issued within 10 years after the rendition of judgment, the judgment is dormant unless revived.

21.     TEX. CIV. PRAC. & REM. CODE §31.006 provides that a dormant judgment may be revived by scire facias not later than the second anniverary of the date that the judgment became dormant.

22. FED. R. CIV. P. 81(b) provides that "writs of scire facias and mandamus are abolished. Relief heretofore available by mandamus or scire facias may be otained by appropriate action or by appropriate motion under the practice described in these rules."

23. State law allows scire facias to be initiated by a motion to revive a judgment. *See F.D.I.C. v. Bauman*, No. 90-614, 2004 WL 1732933, at *1 (N.D. Tex. July 30, 2004); *Vackar v. Memorial Bank*, No. 01-1033, 2002 WL 1303424, at *1, 3 (Tex.App.-Houston [1 Dist.] June 13, 2002) (affirming an order granting scire facias on a motion to revive judgment); *Thomas v. Poonen*, No. 00-1233, 2001 WL 755638, at *2 (Tex.App.-Dallas July 6, 2001) (referring to a "motion to revive judgment scire facias"). This court retains personal jurisdiction and venue over the defendant during this scire facias action. See *Berly v. Sias*, 255 S.W.2d 505, 508 (Tex. 1953) ("[A] motion for scire facias is not an independent suit but is a continuation of the original suit. As a continuation of the original suit it is supported by the jurisdiction of the person obtained in the original case.").

24. The second anniverary of the date the judgment against the Master P Defendants became dormant has not occurred.

**PRAYER**

Wherefore, Plaintiff Louis Hayes respectfully requests:

(a)     that the Court grant his Motion to Revive Judgment;

(b)     and for such other relief to which he may be entitled, at law or equity.

**Respectfully submitted,**

**THE STRATTON LAW FIRM, P. L. L. C.**

By_____

John Robert Stratton

Southern District Bar No. 378241
State Bar No. 19361500
P. O. Box 2232
Austin, Texas 78768-2232
Telephone: 512 445-6262
Facsimile: 512 444-3726
E-Mail: JRStratton@StrattonLawFirm.com

*Attorneys for Louis Hayes*

**JAWORSKI LAW FIRM**

By_____//s// Joe S. Jaworski by permission___
Joseph S. Jaworski
Southern District Bar No. 14888
State Bar No. 10593200
228 Mechanic Street; Suite 307
Galveston, Texas 77550
Telephone: 409-763-0700
Facsimile: 409-763-6352
E-Mail: JoeJaws@jaworskilawfirm.com

*Local Counsel for Louis Hayes*

**Dentons**

By _____//s// Mukul S. Kelkar by permission____
Mukul S. Kelkar
Southern District Bar No. 1503770
State Bar No. 24063682
1221 McKinney Street; Suite 1900
Houston, Texas 77010
Telephone: 713-658-4600
Facsimile: 713-739-0834
E-Mail: mukul.kelkar@dentons.com
*Of Counsel*