United States District Court
Southern District of Texas
**ENTERED**
April 11, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| LOUIS HAYES, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:08-cv-00035 |
| § | |
| PERCY MILLER, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is the Limited Appearance of Non-Party, Non-Counsel of Record Paul Grinke, Rule 12(b)(1), (4), and (5) Challenge, and Rule 60(b) Motion to Reconsider Post Judgment Orders (Doc. 82 and 84) ("Motion for Reconsideration"). Dkt. 85. Grinke seeks reconsideration of (1) this court's April 10, 2024 Order designating him as an agent for service upon Defendant Percy Miller a/k/a Master P (*see* Dkt. 82); and (2) this court's January 27, 2025 Order (Dkt. 84) compelling Grinke and his law firm, Ben Crump Law, PLCC, "to cooperate with Hayes and the Receiver in the pending Post Litigation" and "to disclose all contact information for Percy Miller that is in their possession or within their knowledge." Dkt. 83 at 3–4. For the reasons explained below, I recommend the motion be granted.

## BACKGROUND

I cannot recount the background of this 18-year-old case any better than the Fifth Circuit Court of Appeals:

> Louis Hayes filed suit against a number of defendants—Percy Miller, a/k/a, Master P, Master P Music, L.L.C., Guttar Music, Inc., Koch Entertainment L.P., Koch Entertainment Distribution, L.L.C., and Koch Entertainment GP, L.L.C.—in federal district court on July 31, 2006, seeking damages and injunctive relief for copyright infringement. Koch Entertainment L.P., Koch Entertainment Distribution, L.L.C., and Koch Entertainment GP, L.L.C. (the "Koch defendants") answered Hayes's complaint on September 18, 2006.

Miller, Master P Music, L.L.C., and Guttar Music, Inc., (the "Master P defendants") failed to answer or make any appearance. On March 23, 2007, upon Hayes's motion, the district court entered default judgments against the Master P defendants. On May 11, 2007, the district court entered an interim judgment on damages for $408,750.00 against the Master P defendants. The interim judgment stated that it would not become final until thirty days after execution in order to afford the Master P defendants time to move to set it and the default judgments aside. A writ of execution was issued on August 28, 2007. The Master P defendants never appeared or moved to have the default judgments or interim judgment on damages set aside.

On October 26, 2007, the case was reassigned from Judge Kent to Judge Hughes. On January 18, 2008, the Koch defendants moved for summary judgment on Hayes's copyright claims. To protect the default judgments already entered against the Master P defendants, Hayes moved to sever the Master P defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure on January 31, 2008. The district court granted Hayes's motion and assigned a new civil action number to the case involving the Master P defendants on February 6, 2008. Subsequently, on March 14, 2008, the district court granted the Koch defendants' motion for summary judgment, but also announced in its opinion on summary judgment that:

> The Master P defendants did not appear to defend this lawsuit, and the court entered a default judgment against them for an arbitrary amount. That judgment will be vacated. Because Hayes's composition has not been infringed by Koch, it axiomatically cannot have been infringed by the Master P defendants—however irresponsible they may have been in handling their legal affairs.
>
> Louis Hayes will take nothing from the Master P defendants, Koch Entertainment, L.P., and the others.
>
> That same day, the district court issued an order vacating the default judgments against the Master P defendants under the original civil action number and entered a final judgment that Hayes would take nothing against either the Koch defendants or the Master P defendants.

*Hayes v. Koch Ent. L.P.*, 292 F. App'x 389, 389–90 (5th Cir. 2008) (cleaned up). Hayes appealed and the Fifth Circuit held that "the district court erred because it provided no notice to Hayes or any of the interested parties of its intention to relieve the Master P defendants of the default judgments previously entered

against them, as [Fifth Circuit] precedent and due process requires." *Id.* at 391. The Fifth Circuit vacated the default judgments against the Master P defendants and remanded to the district court for further consideration.

On December 19, 2008, approximately three months after remand, Judge Hughes "entered an order again vacating the default judgment and entering a take-nothing judgment in favor of the Master P Defendants. . . . The district court entered no written findings and gave no legal basis for its ruling." *Hayes v. Miller*, 341 F. App'x 969, 971 (5th Cir. 2009). Hayes appealed again. The Fifth Circuit "agree[d] with Hayes that . . . [Judge Hughes] failed to make findings necessary to support a Rule 60(b) order." *Id.* Accordingly, the Fifth Circuit vacated the December 19, 2008 judgment. The result was that "the May 11, 2007 interim order made final by the February 5, 2008 severance order remains in place." *Id.* The Fifth Circuit's judgment issued as mandate on September 17, 2009, making the judgment final.

*Nothing happened in this case for the next 11 years, 11 months, and 27 days.*

The judgment became dormant on September 17, 2019. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) ("If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived."). Then, on September 13, 2021, a mere four days before the two-year statutory deadline to revive a dormant judgment, Hayes filed Plaintiff's Motion to Revive Judgment. *See* Dkt. 56. After trying and failing to serve Miller, Hayes requested permission to effect alternate service. *See* Dkt. 63. That motion was granted, *see* Dkt. 64, and Miller was served on October 1, 2021. *See* Dkts. 67–72. On November 18, 2021, Judge Hughes revived the default judgment against Miller and ordered "that Louis Hayes recover from Defendant Percy Miller the amount of $408,750.00, together with interest at the rate of 2.23% per annum from February 5, 2008 to present, until said judgment is paid." Dkt. 80 at 2.

*Nothing happened in this case for the next 2 years, 3 months, and 26 days.*

3

On March 15, 2024, Hayes filed a Motion for Post Judgment Relief and Appointment of a Receiver. *See* Dkt. 81. In that motion, Hayes argued that "Miller agrees he is an owner [of] Broadus Foods, LLC," and that Grinke represents Miller in a suit that Broadus Foods instituted in Minnesota state court. Dkt. 81 at 7. Hayes requested "permission to serve Miller with notice of any order entered by this Court pursuant to this Motion by serving Mr. Paul A. Grinke, Miller's attorney." *Id*. Despite requesting relief that would directly implicate Grinke, Hayes did not serve his motion on Grinke; nor did Hayes attempt to serve his motion on Miller. Indeed, the docket sheet reflects that the motion was filed *ex parte*.

On March 28, 2024, this case was reassigned to Judge Jeffrey V. Brown. On April 10, 2024, Judge Brown granted Hayes's motion *ex parte* and ordered "that Mr. Seth Kretzer, a member of the bar of this court, is hereby appointed Receiver in this case . . . , with the power and authority to take possession of and sell all non-exempt property of Percy Miller for the purpose of satisfying the Judgment." Dkt. 82 at 2. Judge Brown also ordered, in relevant part, that the Receiver could "serve any discovery requests, subpoenas, or other documents or process deemed by the Receiver to be necessary to the performance of his duties (collectively referred to as 'Enforcement Documents') to and on Percy Miller by delivering such Enforcement Documents" to Grinke. *Id*. at 7.

*Nothing happened in this case for the next 8 months and 13 days.*

On December 23, 2024, Hayes filed a Motion to Compel Compliance with the Court's Order for Post Judgment Relief ("Motion to Compel"). *See* Dkt. 83. On January 27, 2025, Judge Brown granted that motion. *See* Dkt. 84. The order is silent as to the specific relief granted, but the motion requested that the court:

> (a) Order Ben Crump Law, PLLC and Paul A. Grinke, Director of Litigation for Ben Crump Law, PLLC to cooperate with Hayes and the Receiver in the pending Post Litigation;
>
> (b) Order Ben Crump Law, PLLC and Paul A. Grinke, Director of Litigation for Ben Crump Law, PLLC to disclose all contact information for Percy Miller that is in their possession or within their knowledge;

>  (c) Grant Hayes such other relief, at law or in equity, to which he is entitled

Dkt. 83 at 2–3.

On February 7, 2025, Grinke filed the instant Motion for Reconsideration, arguing that (1) Grinke and Ben Crump Law, who are not parties to this litigation or attorneys of record, have not been properly served and are not properly before this court; (2) this court lacks subject matter jurisdiction over Broadus Foods because "Percy Miller does not have an ownership interest in Broadus Foods"; and (3) any information that Grinke or Ben Crump Law possess "related to their representation of Broadus Foods" is protected by the attorney–client privilege and the attorney work product doctrine. Dkt. 85 at 4. Grinke requests that this court (1) sustain Grinke and Ben Crump Law's challenge to service of process; (2) relieve Grinke and Ben Crump Law from acting as agents for service on Miller's behalf; (3) sustain Grinke and Ben Crump Law's assertion of attorney–client and attorney work product privileges over all communications and work product related to the Broadus Foods Litigation; and (4) deny Plaintiff's Motion to Compel (Dkt. 83) as it relates to Grinke and Ben Crump Law.

Grinke raises a number of issues regarding jurisdiction and service of process in his Motion for Reconsideration. I need not address those issues because even if Grinke had been properly served with Hayes's Motion for Post Judgment Relief (Dkt. 81) and given notice and an opportunity to be heard before this court issued an order concerning him, it was *still* error for this court to have authorized service on Miller through Grinke without a showing that Grinke was authorized to accept service on Miller's behalf in this litigation. This obvious legal error requires granting Grinke's Motion for Reconsideration (Dkt. 85), denying Hayes's Motion for Post Judgment Relief (Dkt. 81) as it relates to Grinke and Ben Crump Law, and denying Hayes's Motion to Compel (Dkt. 83) as moot.

5

## ANALYSIS

Federal Rule of Civil Procedure 60(b) permits a district court to "relieve a party or its legal representative from a final judgment[ or] order." A "Rule 60(b) motion may be used 'to rectify an obvious error of law, apparent on the record.'" *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (quoting *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)). The obvious error of law here was permitting service on Miller via Grinke absent a showing that Grinke had actual authority to accept service for Miller in this litigation.

I want to be very clear about something so that the parties do not spend one more second discussing it: I assume, *arguendo*, that Grinke represents Miller in Broadus Foods Litigation.[1] Even if true, it simply does not matter. "Under Texas law, an attorney, by his capacity alone, is not empowered to receive process for his client." *Ransom v. Brennan*, 437 F.2d 513, 519 n.9 (5th Cir. 1971) (citing *Scarborough v. Bradley*, 256 S.W. 349 (Tex. App.—Waco 1923, no writ)).

> Rule 4(d)(3) permits service upon an individual "by delivery of a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(d)(3). When the agent is the individual's attorney, numerous courts have held that the validity of service of process upon the attorney depends upon actual authority on the part of the attorney to receive process on behalf of the individual. *See, e.g.*, *Schultz v. Schultz*, 436 F.2d 635, 639 (7th Cir. 1971) (service upon attorney was ineffective where attorney had not been appointed for that precise task); *Schwarz v. Thomas*, 222 F.2d 305 (D.C. Cir. 1955) (attorney representing defendant in another litigation has no authority to accept service of process in a separate suit); *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1223, 1234 (E.D. Wis. 1993).

*United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160, 1164 n.10 (3d Cir. 1995) (cleaned up).

---

[1] Both Hayes and Grinke have requested a hearing. *See* Dkt. 87 at 1, 17; Dkt. 88 at 3. This request seems to stem from a disagreement about whether Grinke represents Miller. Because I am assuming, for the sake of argument, that he does, no hearing is necessary.

Here, there is no evidence whatsoever that Grinke—*even if he does represent Miller*—has authority to accept service on Miller's behalf generally, much less in this specific litigation. The email that Hayes attached to his Motion for Post Judgment Relief shows that Hayes's counsel merely asked Grinke whether he represented Miller in the Broadus Foods Litigation. *See* Dkt. 81 at 181. Grinke replied: "With respect to [the Broad Foods Litigation], we do." *Id*. Hayes's counsel did not ask whether, and Grinke certainly did not volunteer that, he was authorized to accept service on Miller's behalf. "Putting to one side the issue of whether [Grinke is Miller's] attorney of record, there is no evidence that [Grinke] had the actual authority to accept service of process. Therefore, the alleged service was not valid." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (citing *$184,505.01 in U.S. Currency*, 72 F.3d at 1164 n.10).[2] Thus, it was obvious legal error for this court to have authorized service on Miller via Grinke. *See In re F/V Captain Michael II*, No. 3:23-cv-00145, 2023 WL 4865016, at *3 (S.D. Tex. July 31, 2023) ("Without proof that Mr. Nepomuceno had the authority to accept service on behalf of his client, service is simply not valid."). Accordingly, Grinke's Motion for Reconsideration should be granted.

---

[2] To the extent Hayes would argue that this court's Order on Motion for Post Judgment Relief and Appointment of a Receiver (Dkt. 82) itself provides the legal authority to serve Miller via Grinke, the court should reject such twisted logic. This court surely did not intend to authorize service that would otherwise be invalid under controlling Fifth Circuit and Texas Supreme Court precedent. Moreover, as a practical matter, no attorney expects—nor should they expect—to be dragged into an unrelated litigation in which a client of theirs might be involved, but where the attorney is not an attorney of record, by an *unforeseen* court order authorizing the attorney to accept service on their client's behalf when their client has not provided such authorization themself. Yet, that is exactly what happened here. Despite filing a motion that concerned Grinke, Hayes did not serve his Motion for Post Judgment Relief on Grinke. Thus, Grinke was never given notice or an opportunity to be heard before this court ordered Grinke to accept service on behalf of Miller, without a showing that Miller had ever authorized Grinke to accept service on his behalf. Worse still, Hayes's counsel did not even inform Grinke of the court's April 10, 2024 Order until more than four months later, on August 28, 2024. *See* Dkt. 85-4 at 4.

## CONCLUSION

I recommend the court: (1) grant the Motion for Reconsideration (Dkt. 85); (2) modify its April 10, 2024 Order to remove the Receiver's authorization to serve Miller via Grinke at Ben Crump Law; (3) withdraw its January 27, 2025 Order (Dkt. 84); and (4) deny the Motion to Compel (Dkt. 83) as moot.[3]

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 11th day of April 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] The effect of this recommendation, if adopted, is to restore the status quo ex ante. The court's April 10, 2024 Order should have never been issued, at least as far as Grinke and Ben Crump Law are concerned, which means the Motion to Compel should have never been filed. Accordingly, I decline to address Grinke's requests regarding the attorney–client privilege or attorney work product doctrine. Neither Grinke nor Ben Crump Law nor Broadus Foods are before this court, and federal courts do not issue advisory opinions. If Hayes believes that he is entitled to information from Grinke and/or Ben Crump Law, then he can follow the proper procedure for obtaining such information by serving a subpoena upon them. *See* FED. R. CIV. P. 45.