United States District Court
Southern District of Texas

**ENTERED**

June 16, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| LOUIS HAYES, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:08-cv-00035 |
| | § | |
| PERCY MILLER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

On June 10, 2026, this case was referred to me for all post-judgment matters. *See* Dkt. 98. Pending before me is Judgment Creditor Louis Hayes' Motion to Permit the Resignation of a Post-Judgment Court Appointed Receiver and to Appoint a Replacement Receiver for Judgment Debtor Percy Miller Also Known As Master P. Dkt. 97.

Hayes asks this court to permit the current post-judgment receiver appointed by this court, Mr. Seth H. Kretzer, to withdraw and to be replaced by Mr. Brent A. Devere. *See* Dkt. 97. Not only do I recommend that the court deny this motion, I also recommend that the court sua sponte reconsider and withdraw its April 10, 2024 Order on Motion for Post Judgment Relief and Appointment of a Receiver, which appointed Mr. Kretzer and afforded him extraordinarily sweeping powers. *See* Dkt. 82. I make this recommendation because "a trial court abuses its discretion if the court grants turnover relief and appoints a receiver under [Texas Civil Practice and Remedies Code §] 31.002(b) as to property without any evidence that the judgment debtor owns that property." *Hamilton Metals, Inc. v. Glob. Metal Servs., Ltd.*, 597 S.W.3d 870, 879 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

In both his March 15, 2024 Motion for Post Judgment Relief and Appointment of a Receiver, and the instant motion, Hayes contends that Miller

owns or has an ownership interest in the following non-exempt property: P. Miller Enterprises, Inc.; MoneYatti; Broadus Foods, LLC; Big Poppa Burgers; and certain books, records, and CDs attributed to Miller as Master P. *See* Dkt. 81 at 5–6; Dkt. 97 at 5–6. In the instant motion, Hayes also contends that Miller owns or has an ownership interest in TruTankSoldiers.com, the trademark "Make Em Say Uhh," and Louisiana Hemp Extractors, LLC. *See* Dkt. 97 at 6. I will assume without deciding that the evidence Hayes submitted in support of these motions is sufficient to establish Miller's ownership of the identified businesses and assets. Even so, that is not the only property to which the court granted relief in its April 10, 2024 order, or to which Hayes asks the court to grant relief now.

The court's April 10, 2024 order, and the proposed order attached to the instant motion (Dkt. 97-1), applies to far more property other than Miller's ownership interests in the assets identified above. Specifically, the orders vest the receiver with authority to take possession of:

> (1) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of Percy Miller or his agents, servants, employees, all persons or organizations, whether organized for profit or not, or in active concert or participation with Percy Miller; (2) all financial accounts (bank and credit union accounts), certificates of deposit, money-market accounts, accounts held by any third party; (3) all securities; (4) all accounts with securities brokers and securities trading platforms; (5) all real property, equipment, vehicles, boats and planes; (6) all safety deposit boxes or vaults; (7) all cash; (8) all negotiable instruments, including promissory notes, option contracts, drafts, and checks; (9) causes of action; (10) contract rights, whether present or future; and (11) accounts receivable; and (12) all documents representing ownership of any publicly traded or private entity; (13) all ownership interests of any publicly traded or private entity . . . .

Dkt. 82 at 2; *see also* Dkt. 97-1 at 2–3. It is an abuse of discretion for a trial court to sign a receivership order that applies to property other than that for which there is evidence that the judgment debtor has an ownership interest. *See Hamilton Metals*, 597 S.W.3d at 883 (collecting cases). Because the court cannot grant relief

as to property for which Hayes has not submitted evidence that Miller has an ownership interest, the instant motion should be denied and the court's April 10, 2024 order should be withdrawn.

Unfortunately, there are other problems with the instant motion and the court's April 10, 2024 order. For example, Hayes would have this court give the receiver power to "direct the delivery of Percy Miller's mail to the Receiver's address and open all mail directed to Percy Miller." Dkt. 97-1 at 7. Such power implicates the privacy interests of third parties, yet Hayes has provided no authority to this court to support such a sweeping power. Similarly, the power to "assume control of any website or social media site utilized, owned, or over which Percy Miller has any control" implicates the First Amendment's prohibition against compelled speech, yet Hayes has provided no authority to the court to support the entry of an order giving a receiver such extraordinary power. *Id.* at 8.

Hayes has not offered this court any authority to support a receiver's power "to garnish without separate court action . . . the production or contract payments owed to Percy Miller" or  "to open or drill any safe deposit boxes of Percy Miller and to delivery the contents to the Receiver," without regard to whose property may be held in said safe deposit boxes. *Id.* at 8, 10. Moreover, the notion that a receiver can take possession of "ownership interests of any publicly traded or private entity," *id.* at 3, runs afoul of the rule that "[a] judgment creditor of a member of a limited liability company may enforce a judgment against that member [only] by requesting a charging order against the member's interest in the company." *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 839 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (citing Tex. Bus. Orgs. Code § 101.112). These are but a few examples of the extraordinary powers that Hayes asks this court to vest in the receiver without providing any authority supporting the notion that this court can—or should—vest a receiver with such powers. For these reasons—and because it is an abuse of discretion to sign a turnover order that applies to property for

which no evidence is presented that Miller has an ownership interest—the court should deny the instant motion and withdraw its April 10, 2024 order.[1]

Finally, the court should withdraw its April 10, 2024 order because Hayes failed to serve Miller with his March 15, 2024 motion. *See* S.D. Tex. L.R. 5.3 ("Papers must have at the end a certificate reflecting how and when service has been made or why service is not required. Federal Rule of Civil Procedure 5(b)."). As for the instant motion, Hayes claims to have served Miller by "posting a message" on his Facebook account and emailing the motion, Dkt. 97 at 14, yet Hayes provides no proof of such service.

### CONCLUSION

For the reasons discussed above, I recommend the court deny the instant motion (Dkt. 97) and withdraw its April 10, 2024 order (Dkt. 82). The court should require Hayes to provide legal authorities that demonstrate the court's power to award each aspect of relief that Hayes requests in any future post-judgment motions. Additionally, the court should require proof of service of any post-judgment motions filed by Hayes.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 16ᵗʰ day of June 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Should the court ultimately enter an order appointing a receiver, the court should reconsider whether the receiver is entitled to an outright award of 25% of the balance due on the judgment. *See* Dkt. 97-1 at 10. "[A] fee provision in a turnover receivership order that sets a blanket receiver's fee is error because the trial court has not yet determined that a fee in such an amount is warranted by the work done by the receiver or that the fee is reasonable in light of what work is later done." *Hartwell v. Fundworks, LLC*, No. 02-23-00100-CV, 2024 WL 46053, at *8 (Tex. App.—Fort Worth Jan. 4, 2024, pet. denied).